**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JUAN C.,

               Plaintiff,

        -v-                                             5:24-CV-88 (AJB/MJK)

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

_____

**APPEARANCES:**                                        **OF COUNSEL:**

OLINSKY LAW GROUP                  HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION     FERGUS J. KAISER, ESQ.
Office of the General Counsel               Special Assistant U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On January 17, 2024, plaintiff Juan C.[1] ("plaintiff") filed this civil action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income under the Social Security Act.  Dkt. No. 1.

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

The matter was referred to U.S. Magistrate Judge Mitchell J. Katz for the issuance of a Report & Recommendation ("R&R"). *See* Dkt. No. 4. Thereafter, Judge Katz granted plaintiff's IFP Application, Dkt. No. 7, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 8, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal taken from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 13, 17.

On November 18, 2024, Judge Katz advised by R&R that: (1) plaintiff's motion be denied; (2) the Commissioner's motion be granted; (3) the Commissioner's final decision be affirmed; and (4) plaintiff's complaint be dismissed. Dkt. No. 18.

Plaintiff has lodged objections. Dkt. No. 19. There, plaintiff argues that the ALJ failed to fully account for the severity of his non-exertional limitations and, therefore, incorrectly relied on the Medical-Vocational Guidelines; *i.e.*, the "Grids," to conclude that he was not disabled at Step Five. Instead, plaintiff argues, the "severe" impairments that the ALJ assessed at Step Two; *i.e.*, his epilepsy, degenerative disc disease, and/or obesity, should have resulted in a finding of "significant" non-exertional limitations. Plaintiff explains that under those circumstances, an ALJ cannot rely on the Grids to satisfy the burden of proof at Step Five.

In opposition, the Commissioner emphasizes that plaintiff's objections are the same basic arguments that he already made to Judge Katz. Dkt. No. 20. Because it is generally improper to rehash arguments made to the Magistrate Judge, the Commissioner urges the Court to apply the less searching "clear error" standard of review. Beyond this threshold argument about the degree

of deference owed, the Commissioner contends that Judge Katz appropriately rejected plaintiff's arguments on the merits. As the Commissioner explains, the ALJ permissibly relied on several Social Security Rulings ("SSR") to conclude that the non-exertional impairments she assessed in plaintiff's RFC did not cause him the kind of "significant" limitations that would have made her reliance on the Grids improper at Step Five. According to the Commissioner, the authority relied on by plaintiff to argue otherwise is out-of-circuit, stale, and readily distinguishable on its facts.

The matter has recently been reassigned to this Court for a decision. Dkt. No. 21. Upon review of the briefing, plaintiff's objections must be overruled. As an initial matter, the record reflects that Judge Katz adequately considered and properly rejected the arguments advanced by plaintiff in his objections. Under those circumstances, it has long been the rule that a District Court should apply the more perfunctory "clear error" standard of review. *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (collecting cases).

But even applying the much more rigorous *de novo* review, plaintiff's arguments would not warrant relief. "In the ordinary case," the Commissioner satisfies his burden at Step Five by relying on the Grids, which "take[ ] into account the claimant's [RFC] in conjunction with the claimant's age, education and work experience." *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999) (citations omitted). However, "reliance on the grids is inappropriate where the guidelines fail to describe the full extent of a claimant's physical limitations," *id.*, such as "in cases where the claimant exhibits a significant non-exertional impairment (*i.e.*, an impairment not related to strength)," *Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013).

"The mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the [Grids]." *Bapp v. Bowen*, 802 F.2d 601, 603 (2d Cir. 1986). Instead, the non-exertional impairment must have "more than a

'negligible' impact on a claimant's ability to perform a full range of work." *Id*. (citations omitted). As the Second Circuit has explained, "[a] nonexertional impairment is non-negligible 'when it . . . so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity.'" *Id*. (quoting *Zabala v. Astrue*, 595 F.3d 402, 411 (2d Cir. 2010)).

The ALJ determined that plaintiff retained the RFC to perform a range of sedentary work with certain non-exertional limitations, such as the need to avoid working at unprotected heights or in close proximity to dangerous machinery. R. at 16. However, the ALJ concluded that these non-exertional limitations were negligible in light of the particular exertional level that she had assessed; *i.e.*, she found that these limitations would "have little or no effect on the occupational base of unskilled sedentary work." *Id*. at 25. In support of this conclusion, the ALJ relied on SSRs "83-10, 83-14, 85-15, and 96-9p," which, as she explained, "specifically outline that the claimant's postural and environmental limitations would not significantly erode the occupational base of unskilled sedentary work." *Id*.

There is no reversible error in this approach. SSRs "represent precedent final opinions and orders and statements of policy and interpretations." 20 C.F.R. § 402.35(b)(1). The SSRs cited by the ALJ support her conclusion that the postural and environmental limitations she assessed in plaintiff's RFC would have no more than a negligible effect on his ability to do a range of sedentary work. SSR 85-15 ("A person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exists at all exertional levels."); SSR 96-9p (noting postural limitations such as the need to avoid heights or environmental hazards would not usually erode the sedentary occupational base).

To be sure, an ALJ's complete failure to account for the significance of a claimant's non-exertional limitations would warrant remand. *See Masoud v. Saul*, 448 F. Supp. 3d 147, 159 (D. Conn. 2020) (remanding where ALJ found non-exertional limitations but "simply omitted these limitations from [the] RFC"). But plaintiff has not established that he suffered from any more restrictive non-exertional limitations than the ones assessed in his RFC. *See Alicia c. v. Comm'r of Soc. Sec.*, 2019 WL 1470827, at *10 (N.D.N.Y. Apr. 1, 2019) (rejecting similar argument where plaintiff failed to establish "she has the extensive non-exertional limitations she alleges").

Nor has plaintiff offered any basis on which to conclude that the ALJ ran afoul of this circuit's precedent by relying on SSRs to account for the relative significance of these postural and environmental limitations on his ability to do a range of sedentary work. *See Pena Lebron v. Comm'r of Soc. Sec.*, 2019 WL 1429558, at *19 (S.D.N.Y. Mar. 29, 2019) (rejecting step-five argument where environmental limitation "had little or no effect on the occupational base").

Absent a more compelling showing, courts in this circuit routinely reject the arguments offered by plaintiff. *See, e.g.*, *Scholtisek v. Colvin*, 110 F. Supp. 3d 464, 480 (W.D.N.Y. 2015) (collecting cases) ("Although Plaintiff experienced nonexertional limitations, the ALJ . . . found that Plaintiff's nonexertional limitations did not result in erosion to Plaintiff's occupational base."). Accordingly, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 18) is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Anthony J. Brindisi
U.S. District Judge

Dated: January 14, 2025
Utica, New York.